# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## JUNE 1998 SESSION

FILED

July 15, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9708-CC-00358 |
| Appellee, | ) | |
| | ) | MAURY COUNTY |
| VS. | ) | (Nos. 8685, 9089, 9583 Below) |
| | ) | |
| DERRICK BURKEEN | ) | The Hon. William B. Cain |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

FOR THE APPELLANT:

WILLIAM C. BRIGHT
Assistant Public Defender
22nd Judicial District
128 North 2nd Street
P.O. Box 1208
Pulaski, TN 38478

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

JANIS L. TURNER
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

T. MICHAEL BOTTOMS
District Attorney General

JESSE DURHAM
Assistant District Attorney General
P.O. Box 459
Lawrenceburg, TN 38464

OPINION FILED _____

AFFIRMED

CURWOOD WITT, JUDGE

**O P I N I O N**

The appellant, Derrick Burkeen, appeals as of right from the trial court's revocation of his probation sentence. He contends that the trial court erred in revoking his probation and in failing to consider sentencing alternatives other than incarceration. We affirm the judgment.

On May 8, 1995, the appellant pled guilty to the sale of cocaine and was sentenced as a Range I, Standard Offender, to four years in the Department of Correction, all of which was suspended except for 30 days. The appellant was placed on supervised probation for the remainder of his sentence.

Thereafter, the appellant was indicted for the sale of cocaine, and a petition to revoke probation was filed. The appellant's probation was revoked on December 29, 1995, and he pled guilty to the sale of over .5 grams of cocaine on January 5, 1996. He was sentenced to eight years in the Department of Correction as a Range I, Standard Offender, and was fined $2000. Upon the trial court's recommendation, the appellant was sent to Wayne County boot camp. On June 19, 1996, the appellant was released from boot camp and placed on probation. Subsequently, on August 8, 1996, the appellant was indicted for the sale of over .5 grams of cocaine. He pled guilty on November 1, 1996, and was sentenced to eight years, all of which was suspended. He was placed on probation to run concurrently with the sentences from his two prior convictions.

On March 12, 1997, the trial court issued a probation revocation warrant, and a hearing was held on July 17, 1997. At the revocation hearing, the appellant's probation officer testified that the appellant was supposed to report to the probation office twice a month, however, the appellant never reported more than once a month. Moreover, the appellant tested positive for cocaine on October 25, 1996, and signed an admission that he was using cocaine. The last time the appellant reported was on December 10, 1996. The appellant testified that he had a problem with cocaine and was going to have to stay away from the people he normally "hung out with." He planned to go to the Veteran's

Administration Hospital for rehabilitation and to get a seasonal job raising tobacco. The appellant admitted that he was not ready to seek help with his drug problem until faced with the possibility of incarceration. Instead, he quit reporting to probation because he was afraid he would fail the drug tests. Based on the proof, the trial court revoked the appellant's probation in all three cases and ordered that the appellant serve the remainder of his sentences in confinement.

The revocation of probation is committed to the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). An appellate court will not find that a trial court has abused its discretion unless the record contains no substantial evidence to support the trial court's conclusion that the probation should be revoked. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. Crim. App. 1981). The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making the decision to revoke probation. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

In revoking probation, the trial court made the following findings:

Mr. Burkeen has an eight-year sentence; really a duel eight-year sentences. He went through the boot camp. He was put back on probation. He has had ample opportunity in these past months to seek treatment for his addiction.

But his answer to it is not to report to his probation officer, because he will test positive.

He tells us it's the people he hangs around with. The difficulty, Mr. Burkeen, is that you have to understand that you are not hanging around with the wrong crowd. You are very much a part of the wrong crowd.

If I gave Mr. Burkeen any further chance, then everybody that is on probation who does nothing to comply with the rules of probation is entitled to another chance.

He wants drug treatment, now that he is facing the penitentiary, but he had ample opportunity for drug treatment, voluntarily, all of this period of time. And yet he has done nothing, except continue the same pattern that got him in trouble in the first place.

Probation has done him no good. Boot camp did him no good. He completely disregarded his obligations. The last time he reported to the probation officer was last December. Why did he not report? Because he would flunk a drug screen.

Nothing works with Mr. Burkeen. The Court sadly has no alternative,

so he will go to the Department of Correction, and let's see if they can help him. He's going to learn the hard way that nobody can help him, until he is willing to help himself, and he's not.

The appellant contends that the trial court erred in ordering his entire sentence be served in the Department of Correction without considering other alternatives. This argument is misplaced. If the trial court finds by a preponderance of the evidence that a probationer violates a condition of his probation, it is within the court's discretion to revoke probation and cause execution of the judgment as it was originally entered. T.C.A. §§ 40-35-310,-311(d); State v. Harkins, 811 S.W.2d 79, 82. If the record contains substantial evidence to support the trial court's conclusion that the appellant violated a condition of his probation, no abuse of discretion will be found. Id.

In this case, the record contains overwhelming evidence to support the appellant's probation revocation, including his own admissions. The appellant has been provided sentencing alternatives, including probation and the "boot camp" program. These alternatives to incarceration have not succeeded.

Accordingly, based upon a reading of the entire record, the briefs of the parties, and the applicable law, this Court finds that the judgment of the trial court should be affirmed.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOE G. RILEY, JUDGE

_____
LEE MOORE, SPECIAL JUDGE